# HUGHES *v.* BRENNAN CONSTRUCTION COMPANY.

### CONTRACTS, RESCISSION OF.

A contract between a brick-mason and a contractor, whereby the mason agreed to do certain brick work for 5 per cent of the cost of the labor, is rescinded by a subsequent contract between the parties, made during the progress of the work, and occasioned by mutual dissatisfaction with the original contract, by which second contract new bids were to be solicited and the contract for the remainder of the work awarded the lowest responsible bidder, where it appears that the mason then made a bid which was higher than another bid made by another responsible bidder, and where, as a result of the bidding, the contractor himself did the work for less than either of the bids so received.

No. 1414.    Submitted May 17, 1904.    Decided June 7, 1904.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia entered upon a verdict directed by the court in an action for damages for breach of contract.                                    *Affirmed.*

The COURT in the opinion stated the case as follows:

The appellee, the Brennan Construction Company, which seems to be a corporation under the laws of the State of West Virginia, had a contract for the construction of some additions to Providence hospital in this city, and entered into an oral agreement with the appellant, George Hughes, whereby the latter undertook to do the brick work on one of the additions, designated as the eastern extension, for a compensation equal to 5 per centum of the cost of the labor, the appellee agreeing to furnish the material, and the appellant the mechanics and laborers. The work progressed as far as the completion of the first story, when dissatisfaction was expressed by both parties with the contract. Thereupon it was agreed between them that bids should be solicited for the performance of the remainder of the work, and that the contract for such performance should be awarded to the lowest responsible bidder. In the testimony, which seems to be that of the plaintiff alone, here the appellant, on his own behalf, it does not distinctly appear that there was any express rescission of the original contract between the appellant and the appellee; and the plaintiff's testimony is that he acquiesced in the suggestion of the appellee that he (the appellee) would prefer to have the work done for a lump sum, rather than upon the basis of a percentage, and that he would ask for bids for its completion, and would award the contract to the lowest responsible bidder, upon condition that his own bid should be entertained with the bids of other men of equal standing with himself, and that the contract for the work should be awarded to such lowest bidder; and the plaintiff testified further that the inducement for his action was that he thought that his knowledge of the conditions would enable him to outbid any other person.

The work to be done consisted of the laying of 1,682,422

brick.    On March 12, 1902, the appellant submitted to the ap-
pellee a proposal to do the work for $18,133.    On objection by
the appellee that the bid was too high, the appellant submitted
another bid, six days afterwards, on March 18, 1902, that he
would do the work for $15,449.    It appears that under date of
March 22, 1902, there was a bid also from one William H. Car-
son to do the work for $6.50 per thousand brick.    None of the
bids were accepted, and on March 25, 1902, the appellant found
that the appellee was doing the work itself.    Thereupon the ap-
pellant claimed the right to recur to the original contract, and to
do the work under it.    This the appellee refused.    The appel-
lant then, on December 2, 1902, instituted the present proceed-
ings at common law in the supreme court of the District for
breach of contract, and claimed damages in the sum of $772.45,
being 5 per centum of the amount of his own second bid, which
was for $15,449.

At the trial, after the close of the plaintiff's testimony, where-
in the foregoing facts were disclosed, the defendant moved for a
verdict in its favor, and the motion was allowed and the verdict
was so rendered; and thereupon there was judgment, from which
the plaintiff has appealed.

*Mr. Mason N. Richardson* and *Mr. Malcolm Hufty* for the
appellant.

*Mr. George E. Hamilton* and *Mr. M. J. Colbert* for the appel-
lee.

Mr. Justice Morris delivered the opinion of the Court:

The theory of the appellant in the institution of this suit is
that, by the failure of the appellee to award the contract to the
lowest responsible bidder, which bidder he claims himself to
have been in his second bid, he was remitted to his right to pro-
ceed with the work under his original contract.    And his argu-
ment is that the letting of the contract to the lowest bidder was
a condition precedent to the plaintiff's relinquishment of his

rights under the original contract. But it will be noted that the plaintiff is exceedingly careful in his testimony to avoid any statement to the effect that the letting was to be regarded as a condition precedent. It is very clear that the original contract between the parties was abrogated by mutual consent, and that the plaintiff, feeling secure in the superior knowledge which he supposed he had of the situation, was willing to take his chances under the new agreement. The mutual discontent of the parties with the original contract, a discontent which led to the new agreement, suffices to show, in the absence of distinct and positive proof to the contrary, that no return was contemplated by either party to the original contract.

But in any event the appellant was not injured by the failure of the appellee to award the contract to the lowest responsible bidder. We attach no importance to the supposed variance between the terms "lowest bidder," as used in the declaration, and "lowest responsible bidder," as used in the testimony. So far as the testimony discloses, the appellant was neither the lowest bidder nor the lowest responsible bidder. Carson was both the one and the other; for there is nothing whatever to show that he was not entirely responsible. And his bid for $6.50 per thousand brick is as much a bid in a lump sum as was the appellant's bid. Indeed, it is a far more intelligible and definite bid to builders than is that of a gross sum for the gross work. It was easy for the builder to ascertain the number of brick that would be required, and thereupon to base his calculations. Upon the appellant's own contention, the appellee would have fully complied with his agreement, if he had awarded the contract to Carson. And if this is so, it is difficult to perceive how the appellant could have been injured by the failure of the appellee to award the contract to Carson.

The position of the appellant is inconsistent. His declaration is based specifically upon the theory and the allegation that, by the failure of the appellee to solicit and receive bids, and to award the contract for the work to the lowest bidder, the appellant was remitted to his right under the original contract and entitled to continue in the performance of that contract, and

therefore entitled to receive the 5 per centum on the cost of the work, which, as done by the appellee itself, was $10,935, yielding a percentage of $546.75. And yet his claim is not a claim under any original contract, but a percentage of 5 per centum upon the amount of his second bid of $15,449. Under the declaration, if his theory were correct, the compensation to which he would have been entitled would not have been 5 per centum upon the amount of his bid or of any bid, but 5 per centum of the cost of the work; and the only showing as to the amount of that is the actual expenditure of the appellee in its performance, $10,935.

It is very clear to us that the original contract between the parties was rescinded when they entered upon the second arrangement, and that there was then no thought on the part of either to return thereto, and that, on the contrary, the appellant felt so secure of his position that he could get the work on better terms for himself by competition in bidding for a lump sum, that he was not only willing, but desirous, to resort to such competition. The idea of returning to the original contract was evidently an afterthought. It is also very clear that he was neither the lowest bidder nor the lowest responsible bidder; and that, if the contract had been awarded to Carson, the appellant would have no just ground for complaint. His only grievance, in the last analysis, is that the contract was not awarded to Carson; and how the failure of the appellee so to award it can constitute in law an injury to the appellant we are at a loss to understand.

We are of opinion that the ruling of the trial court was right, and that the judgment appealed from should be affirmed, with costs. And it is so ordered. *Affirmed.*